And in an unusual, unusual procedure, I believe the government goes first. So we'll, we'll hear from Ms. Griffin. Thank you, Your Honor. May it please the court, counsel. Your Honor, yes, it is an unusual position for the government to be the appellant. It's only the second time in my seven-year appellate career that I have been the appellant. But in this case, Your Honor, I think, Your Honors, I think it is because the district court made a mistake in determining that Mr. Winters had been convicted of a covered offense under the First Step Act. Section 404 of the First Step Act permits a district court to alter a defendant's sentence if the statutory penalties for his offense were modified by Sections 2 or 3 of the Fair Sentencing Act. There was no such modification here because the powder cocaine object of Mr. Winters' 846 drug conspiracy conviction independently supported the 10-to-life statutory penalty. Mr. Winters was convicted by his guilty plea for the multi-drug conspiracy charged in Count 1 in violation of Title 21 United States Code Section 846. His offense involved both conspiring to possess with intent to distribute 5 kilograms or more of powder cocaine and 50 grams or more of crack cocaine. As with any 846 conspiracy, the statutory penalty for Mr. Winters' offense was determined by its objects. Each type and quantity of 841B1A, two little I's for the 5 kilograms or more of powder, and 841B1A, three little I's for 50 grams or more of crack. At the time of Mr. Winters' offense, the penalty for each of these objects was 10 years to life. Thus, each penalty provision, both for the powder and for the crack, independently supported the 10-to-life penalty for his offense. Counsel, the district court, in its opinion, said one explanation for why the ruling was made the way it was is that the availability of First Step Act relief cannot be fickle. It can't turn on the charging decision of the government. Obviously, it turns a great deal on charging decisions of the government, but the specific one the judge was referring to is whether to have a multi-object conspiracy or to have two different counts. What do you make of that? Why is it a—do you agree this turns on charging decisions of the government, and if so, eligibility for relief turn on that, and if so, how? Well, I mean, Your Honor, the charge in the indictment obviously determines what the statutory penalties the defendant is going to face are. So, to that extent, yes, it does— A multi-object conspiracy versus two counts each on a single-object conspiracy, how does that differ? How will the First Step Act apply differently to those two situations? Well, if there had been two separate charge conspiracies, then the sentence on the conspiracy possessed with intent to distribute crack could be altered, but that perhaps would not alter the sentence on the other count. Well, perhaps it seems to me essential. The case that the district judge was relying on out of Connecticut actually said if you have authority to re-sentence on one, you can have a total re-sentencing on all counts, which seems a bit bold, and I don't know if that's true or not. Would you say that's not true? If your charge is just two counts, there could not be a re-sentencing on the count unaffected by a fair sentencing act. I think you could—Your Honor, I confess I had not researched that issue, but I acknowledge there is case law out there that says it is a sentencing package, and therefore the change in one or dismissal of one count could affect the overall sentence, but I think in this case, because Congress was clearly only intended to address the crack sentence, and if the cocaine sentence was higher and was supported by the cocaine, then I would submit that the total sentence would not be affected. Okay. You seem to be acknowledging it could well, under your analysis, be different depending on how the government decided to charge this as one count versus two counts. But, Your Honor, I think the problem is that if it was a single conspiracy involving two drugs, then it could not have been charged as two counts because it would have been duplicative. You would have had the same conspiracy charged in both counts, but just—in two separate counts, but just addressing different drugs, and I think the defendant could have prevailed on a motion pretrial to have the two counts consolidated because it was duplicative. If the conspiracy is, as it is in most of these crack powder conspiracies, the possession of powder cocaine that is later converted into crack cocaine, then I don't see how you can divide that into two separate conspiracies. Well, I would say, and I'll hear from the side on it, too, that the opinion that Judge James relied on from Connecticut actually was using that option on the part of the government as the basis for saying that you could have a resentencing and that a single offense, the single object that was changed, even though the other object wasn't, still made it a covered offense. But we will see once you proceed. Thank you, Your Honor. So, Your Honor, in this—or under the First Step Act, a covered offense is defined in relevant part as a violation of a federal criminal statute, the statutory penalties for which were modified by Section 2 or 3 of the Fair Sentencing Act. And those sections only modified the quantities of crack cocaine necessary to impose the enhanced penalties. They did not at all in any way affect the penalties of powder cocaine that supported the enhanced penalties. In this case, the 841B1A2 independently set the statutory penalty on count one at 10 years to life. And therefore, the Fair Sentencing Act did not modify the statutory penalties for Mr. Winter's offense. Both before and after enactment of the Fair Sentencing Act, his statutory penalty was 10 years to life. And Mr. Winter's statutory penalty was not. It was 10 years to life before the Fair Sentencing Act was passed. It was 10 years to life after the Fair Sentencing Act was enacted. This would have been the case even had the Fair Sentencing Act totally decriminalized crack cocaine. He would still have faced a statutory penalty of 10 years to life based solely on the powder cocaine involved in his offense. And I would like to discuss an example slightly different than Mr. Winter's case to help further prove my point or at least argue my point. Let's assume that instead of a conspiracy involving 5 kilograms of powder and 50 grams of crack, both of which would have had a 10 to life statutory penalty. We were discussing a conspiracy involving 5 kilograms of powder and only 5 grams of crack. Pre-Fair Sentencing Act, the powder penalty would be 10 years to life, but the crack penalty would only be 5 to 40. So because this defendant was convicted of a conspiracy involving 5 kilograms of powder, that would be the statutory penalty for his offense. It is the higher of the most serious proven controlled substance. This means that this hypothetical defendant was facing a penalty of 10 to life and the quantity of crack involved in his offense was totally irrelevant at that point. Yet, if the court adopts Mr. Winter's argument, this defendant would be eligible for re-sentencing under the First Step Act even though the quantity of crack involved in his offense had absolutely nothing to do with the statutory penalties that he actually faced. I think that is a more clear-cut example to show if the court rules in Mr. Winter's favor, then defendants whose sentences were not at all affected by crack only because the crack was an object of the conspiracy would be entitled to relief. I don't submit that's not what Congress intended and I don't think that's the purpose of the Fair Sentencing Act or the First Step Act. I will acknowledge... Excuse me, counsel. One way courts have analyzed this is to say that in a multi-object conspiracy like this, if one of the counts, one of the objects of the conspiracy is an offense such as here that has been affected by the Fair Sentencing Act, that you would call that a covered offense. But the subsequent part of 404B, talking about sentencing as if that were the sentencing range at the time of the original sentences, means that the person is not eligible. So covered offense in this situation, but Mr. Winter's is not eligible. How about that approach? I think I'll hear an objection to both situations from your friend on the video here, but what does the government say to that understanding of the First Step Act? Well, Your Honor, once a defendant has been convicted of a covered offense, I believe he is eligible for relief under the First Step Act. So I apologize that I'm not... To be sentenced as if that were the range of sentences at the time. And it turns out because of the other object of the conspiracy, that same range for the overall conspiracy exists and there is a same understanding that it's not a package where you get the entire conviction resentenced. You only are eligible for a resentencing of the part that was changed by the Fair Sentencing Act as amended later by the First Step Act. Well, if you're not ready to respond to that, that's all right. Your Honor, I apologize. That is one understanding of how this works from other courts. I apologize, Your Honor. I am very conversant on every appellate court opinion on this subject. I have not researched and read all of the hundreds of district court cases and I apologize. It appears to me that a covered offense is... If the statutory penalties were in fact damaging to the government's position to say that, but that seems to be the, at least, the tact that the appellate courts that I have read have addressed. And one of those are the only... Not the only one, but the primary case that has been ruled on so far is Gravatt or Gravatt, I apologize. I do not know how they pronounce it. But in the Fourth Circuit, they held that the defendant who had been convicted of a the government would respectfully submit that that decision was wrongly decided. That holding rested primarily on the Fourth Circuit's view that Section 404 of the First Step Act does not expressly exclude multi-drug conspiracies. But Section 404 does define the types of offenses it applies to and it is those for whom the statutory penalties were modified by the Fair Sentencing Act. And again, the government submits that Mr. Winter's statutory penalties were not modified by the Fair Sentencing Act. The holding in Gravatt would also lead to illogical results because no one is arguing, at least I don't think anybody is arguing in this circuit right now, that a purely powder cocaine conspiracy would be a covered offense. Under Gravatt, under the reasoning of Gravatt, that offense is suddenly converted to a covered offense because it involves crack cocaine, even though the crack cocaine conspiracy is arguably a more serious offense involving, as it does, both powder and crack. Just for a, so the athlete can respond. Had this not been a dual conspiracy, had it been two separate counts, one conspiracy with crack, the other one possession with intent to distribute powder, your position would be that even though the first count, the crack, would be a covered offense because there is a separate conviction for the powder, then the sentence wouldn't be changed. Would that be your position? Yes, Your Honor. I would submit that the, while the count one may be re-sentenced, the overall sentence should not be affected, especially if it was driven by the count two sentence, the powder sentence. Thank you. Your Honors, the whole purpose in passing the Fair Sentencing Act and the First Step Act was to eliminate the powder crack cocaine disparity. The defendant, granting relief to defendants whose penalty was based on trafficking in powder cocaine, would not further the purpose of either of those acts, and the district court's determination of eligibility should be reversed. Thank you. Thank you. All right, counsel. Thank you. Mr. Talbert. Good morning, Your Honors. I will confess this is my first time being the appellee in a federal public defender's office. I'm sure you'll do just fine. We have noted no picture of Fifth Circuit Courthouse on your wall behind you, but that's okay. That'll be changed shortly, I guarantee it. And you could get rid of the duck. Okay, yeah. Your Honors, the district court correctly determined that the plain text of Section 404 of the First Step Act does not exclude dual object conspiracy convictions, so long as one of the objects was a violation of a statute that was amended by the Fair Sentencing Act. The government is asking the court to create an exclusion that does not exist in the text of Section 404. This court declined the government's invitation to create an extra textual exclusion in Section 404 in the Otis Jackson case, and it should decline their invitation today. As this court held in the Jackson case, a defendant is eligible if he was convicted of violating a statute whose penalties were modified by the Fair Sentencing Act. In this case, Judge Rogers was charged with and convicted of a conspiracy which included a violation of 841B1A3, which is a statute whose penalties were modified by the Fair Sentencing Act. That's all that's required for eligibility under the text of Section 404 and under this in the text of the act requires that a defendant be convicted of a single violation of a federal criminal statute whose penalties were modified by the Fair Sentencing Act, nor does the text of the act require that all of the defendant's violations be covered offenses under the act. I want to make sure, based on the closing part of your statement just now, are you saying that in answer to the hypothetical I presented to the government, are you saying that if it was two separate acts, accounts, I'm sorry, two separate counts instead of simply being a dual object conspiracy that you still feel the sentence could be reduced? One for possession with intent to distribute a powder? Yes, yes, your honor, and I'll explain why. So if there were two separate counts, one covered offense and one non-covered offense, I think that defendant gets through the eligibility gate. He has been convicted of a covered offense, so he's eligible for a Section 404 motion. Now the second step of a First Step Act motion is the merits phase, right? And on the merits phase, perhaps that defendant's entire original sentence was driven by the other crime, and that judge is probably not going to reduce that defendant's sentence in the merits phase, but I think if there's a single violation of a covered offense, I think the defendant gets through eligibility. And your honors, when Congress wrote Section 404, they wrote eligibility broad, and that makes sense, right? The whole purpose of the First Step Act was to reduce the prison population and allow defendants who were sentenced under an old regime of sentencing laws that are now pretty much rejected to have a chance to have their sentence reduced. That was the goal of the Act. So if we look at the text of Section 404, it wrote eligibility broad. All you have to have is a violation of an offense, of a covered offense, which was a violation of a statute that was amended by the Fair Sentencing Act. That's broad, but the second step is not broad, and so that's why it makes sense. Congress wrote the eligibility broad, but as this court ruled in Jackson, no defendant is entitled to a reduction. The second step is tough. The court is supposed to look at the case on the merits and determine whether the defendant deserves a reduction, and that second step, that's where many of the government's arguments properly lie. The arguments about cases where powder really drove the original sentence, those arguments can all be made in the second part of the analysis, and the government made those arguments in this very case, and if the court looks at the record on page 575, that's when the district court went through the government's arguments. The government argued in this case Mr. Winters had way more powder than crack, and Mr. Winters was the leader of a conspiracy, and the court considered those arguments and then weighed those arguments against the fact that Mr. Winters was 20 years old when he entered the conspiracy. He got his GED in prison. He's had no write-ups in 12 years, and when the court weighed those those two arguments, it gave credit to the government's arguments. In this case, Mr. Winters was asking for immediate release, and the judge didn't give him that. Instead, the judge reduced his sentence to 180 months, 15 years, which is still five years above the mandatory minimum. So, your honors, back to your original example, Judge Barksdale, in that covered offense versus non-covered offense, how much of a reduction, if any, the defendant should get, that's in the merit stage, I would submit, but that defendant is eligible, and Judge Southwick, you asked the question at the very beginning to counsel for the government about the sentencing package doctrine, and your honors, I will tell you in these cases in the district courts, I have argued that the doctrine applies in a section 404 re-sentencing, which means that if there are covered offenses and non-covered offenses, then the district court can reduce the sentence on a non-covered offense if it was a part of the whole sentencing package, and so the court doesn't have to reach that issue here today, Judge Southwick, because this is a single count of conviction, and so the sentencing package doesn't have to apply for Mr. Winters to be eligible. When you talk about sentencing package, I don't know how much of a rule of expression of art that is, but what the, it seems to me that any kind of concept like that would require that the other offenses at least be related offenses. Would you agree with that? A person could have been convicted of a number of or not directly tied to conspiracy on crack versus powder cocaine. Yes, your honor, I think that's true, and I think in the merit state, that's a limitation on being able to be re-sentenced, or is it just a limit, just something for the discretion of the district court to apply to the discretion of the district court? Your honor, I have argued in these cases that it's the discretionary part. As long as the defendant has a violation of a statute that was amended, he's through the eligibility gateway, which is what we're talking about today, but in the merits phase, there are many examples where the non-covered offense drove the sentence 100%. There can be cases that involve both violent acts and drug acts and RICO and Vicar, and some of those cases, the drug conspiracy or the drug count almost has no effect in the end result sentence, and although I would argue that defendant is eligible, he has a covered offense, he gets through the door, that defendant's not going to get an ultimate sentence reduction because the district court, in reviewing the case, will see that the case was not driven by the cocaine. In this case, Judge James found that the cocaine had an effect, and I know the in their brief that Mr. Winters had a significantly more amount of powder than crack cocaine. Counsel, let me tell you what concerns me. I'm prepared to assume that he gets through the eligibility gate, because we're talking about a covered offense, the covered offense being the crack cocaine, so he gets through the eligibility gate, but what about the as if the Fair Sentencing Act had been in effect at the time of the sentencing? Because that's what it says. The judge has the authority to reduce as if the Fair Sentencing Act had been in effect at the time of the sentence, and so if the Fair Sentencing Act had been in effect at the time of this I mean, because of the powder cocaine? That's correct, Your Honor. His range would have still been ten to life. And so the Fair Sentencing Act doesn't change anything effectively for this defendant, does it? I think it does. His range is ten to life. Whatever the Fair Sentencing Act did with regard to the crack, it doesn't change what his circumstances would have been, because we're supposed to look at what would have been the case if the Fair Sentencing Act had been in effect at the time of the original sentence. Isn't that right? That's correct, Your Honor, but it is different. That's what our opinion in Hegwood says when it says that the district court doesn't get to conduct this plenary review. So when you talk to me about the district court considering his post-conviction conduct, I don't know how you square that with the fact that the judge is considering what the circumstances were, what the what the long was at the time of the sentencing. Can you reconcile that for me? I hope so, Your Honor. So Hegwood says that the district court is not required to consider post-sentencing either problems or rehabilitation, but it doesn't preclude the district court from doing that. So I still think under this court's precedent, it's okay for the court to consider that on the merits phase. But I do want to answer your as-if question. So I believe it is different for a defendant to be sentenced prior to the First Step Act and after the first, I mean prior to the Fair Sentencing Act and after the Fair Sentencing Act, even under your example, even under Mr. Winters' case. And this is why. When Mr. Winters was originally sentenced, he faced 10 to life, just like he does now. But the sentencing calculus was different to the district judge when he sentenced Mr. Winters originally. Prior to the Fair Sentencing Act, the judge was required, as all judges are, to consider the 3553A factors. And 3553A requires the court to consider the seriousness of the offense. And before the Fair Sentencing Act, Mr. Winters stood before the court, and when the court considered the seriousness of the offense, his offense had two objects of the to life, which was the most serious drug offense possible at the time. Now after the Fair Sentencing Act was passed, Mr. Winters would be standing before a court considering the seriousness of his offense, and one of the objects of the conspiracy would be the most serious prescribed by Congress, but the other object, the crack, would be less. Mr. Taylor, my problem is I don't know how the district court gets to the 3553A sentencing factors if it has to first get past the as-if, as if the Fair Sentencing Act had been in effect at the time of the sentencing. He starts considering the sentencing factors later. It seems to me you've got to get past the as-if part before the judge can get to considering sentencing factors. And Judge Graves, I disagree. I think the as-if is a part of the merits phase. I think cover defense is the eligibility gate, and that's what has to happen first. And then once the defendant shows that there's a cover defense, the second step is the courts can reduce or impose a new sentence on the defendant as if the Fair Sentencing Act was in effect. See, that seems to me to be reading 404B right out of the statute. I just don't know how you go right past as-if. The Fair Sentencing Act was in effect at the time of the sentencing. You go right past that, and we just start looking at 3553A factors. But go ahead. Respectfully, Judge Graves, I'm not saying that we should pass it up or not apply it. I think that's a part of the second step of the calculus. I think when the judge looks at as if the Fair Sentencing Act was in effect, that's... But the as-if puts him in the same position he was in at the time of the original sentence. Only with respect to the mandatory minimum sentence, only with respect to the 10-year mandatory minimum. But other things as-if are different. When the judge is considering sentencing Mr. Winters as if the Fair Sentencing Act was in effect, that changes a lot of things under a sentencing calculus. It changes how serious this offense was. There's no question, I think, that prior to the Fair Sentencing Act in 2010 and after, there is a different approach and understanding as to how courts are looking at crack cocaine-involved offenses. In this case, on the record, page 577... And you don't think it's problematic for a judge to be taking into consideration post-conviction conduct? I think we all agree that a judge, you lose it. The judge loses sentencing authority once the sentence is handed down and judgment is entered. All that sentencing authority, the judge loses that. So, a judge doesn't have the authority to go back two years later and say, you've been a good guy in prison, so I'm going to reduce your sentence. I'm going to change it. And that seems to be what you're arguing in this case. If you're telling me it's okay for the judge to look at this post-conviction conduct when he's supposed to be looking at what the problem is, I may not get past that. So, you got five minutes left. Don't worry about me. Well, Judge Graves, I am worried about you because I'll pinch you. There's nothing in the text of Section 404, I think, that excludes the district court from considering post-sentencing conduct. This court in Hegwood and in Jackson and in another more recent decision has said that the district court is not required to consider post-sentencing conduct, but it's not precluded from considering that as well. And, Your Honor, that's a double-edged sword, right? I will tell you, a lot of defendants post-sentencing conduct doesn't weigh in their favor. And so, you know, consideration of post-sentencing conduct also occurs in re-sentencings, right, under Dillon. They also, I mean, under Spears. And they also occur in 3582C motions for sentencing for guideline reductions that are retroactive. So, I do think there's a history of considering post-sentencing conduct when a judge has a procedural mechanism to reconsider a sentence, which the First Step Act allows a court to do. But, Your Honor, I just want to make sure I try to say as clearly as possible that when the judge does the as-if analysis, when they put themselves, as Hegwood says, back in the place of the original sentencing, changing only the Fair Sentencing Act statutory change, right? I think the as-if is the statutory change. I don't think it's talking about post-conviction conduct. It's the statutory change. And in Hegwood, it was about the crude offender changes in the law. Those don't apply on First Step Act, because it's only the statutory change. The statutory change here affects the defendant, even if the ultimate mandatory minimum does not, because when the court is sentencing a defendant, it's not in a vacuum. 3553A requires the court to consider different factors at the original sentencing. And those factors are different when we look at how the First Step Act changed how judges and courts and the criminal justice system look at crack cocaine convictions. Mr. Winters, in this case, only had a little more than one kilogram of crack cocaine. But when he was sentenced, the judge was being Now, when we apply the Fair Sentencing Act, and the judge says, as if that was in effect at the time of the sentencing, it's no longer 100 to 1. It's 28 to 1. That may make a difference. It may not. That's the merits analysis, right? In some cases, the judge may say it doesn't make a difference. The district judge in Otis Jackson said it didn't make a difference, right? But in this case, the district judge said it made a difference. When I look at that 100 to 1 ratio changing to 28 to 1. So, so judge, I'm just trying to urge that I think that it matters to the sentencing calculus, even if the ultimate mandatory minimum doesn't change. And what's most important is the text of Section 404 does not require that the ultimate mandatory minimum change. It only requires that the defendant was convicted of a violation of a statute that was changed by the Fair Sentencing Act. And Mr. Winters here was convicted of a conspiracy. One of the objects selected by the government and placed in the indictment was a violation of 841B1A3. That's all it takes for Mr. Winters to get through the eligibility gate. And in this case, the government did not appeal the merits phase. They did not appeal the discretion exercised by the judge to reduce the ultimate sentence. And so I think Mr. Winters has presented an eligible case. I think this court should affirm the district court and hold as the Fourth Circuit has held that if a defendant in a dual object conspiracy conviction, if one of the objects of the conspiracy is a violation of the crack cocaine laws that were amended by the Fair Sentencing Act, then that defendant's eligible to ask for a reduction. And then the district court has discretion to decide whether they deserve it or not. But that's all it takes for eligibility. And, Your Honor, if there's no further questions, I'll cede the rest of my time. All right, Talbot. Mr. Talbot, you did well in your unusual role of affilee. We'll hear again from the government. Your Honors, I find it striking that Mr. Talbot's argument did not discuss the fact that the ultimate penalty for his client's offense was not affected in any way by either the Fair Sentencing Act or the First Step Act. A covered offense is a violation of a federal criminal statute, the statutory penalties for which were modified by Sections 2 or 3 of the Fair Sentencing Act of 2010. Both before and after the Fair Sentencing Act, his statutory mandatory minimum was 10, his statutory sentencing range was 10 to life. Because for a conspiracy, the greater offense controls, the greater penalty controls. So this is not, we're not asking the court to graft on some extra textual exclusion. We're asking the court to apply the definition in the statute of those, for those defendants who can and whether the court wants to provide a definition of what counts. You're not, you're disagreeing with his argument that it's a covered offense? Yes. Are you disagreeing with that? Yes, Your Honor. It is not a covered offense. His statutory penalties were not modified by the Fair Sentencing Act. I understand that Your Honor believes otherwise. But the penalty for crack cocaine was modified. But the penalty for the crack cocaine would not affect the overall penalty for his conspiracy conviction. But that's a different argument to me. The penalty, I'm asking whether or not you agree with this. Do you agree that the penalty for crack cocaine was modified? Yes. All right, now I know we have a dual object conviction here, but the penalty for the crack cocaine was changed. And you're saying it's not reasonable to conclude that that is a covered offense? His, that his conviction is for a covered offense, given that he was convicted, I know it was a, this, this dual object conviction, but he was convicted for the crack cocaine. Yes, Your Honor. It was a dual object conspiracy, but that means that the penalty is determined by the more serious offense. And that means that his penalty would have been determined by the cocaine. If the crack was not, let me ask you this question. So are you telling me that the only way you can prevail in this case is if we determined that this was not a covered offense? No, Your Honor. No, Your Honor. I was going to say that. I also agree with Your Honor that it, it fails on the next question, which is what the court has to impose a reduced sentence as if the was committed because here again, his statutory penalty remains the same. And so therefore he would fail at that level too. I mean, Your Honor, it's clear whether you decide it based on the definition of covered offense or under your, your honors formulation of the argument while ago by text, by spirit or by congressional intent, this section 404 was not designed to benefit defendants whose sentence was driven by the quantity of powder cocaine involved in their offense. It was designed to benefit those who had been what was later determined to be unfairly harshly penalized based on the quantity of crack involved in their offense. This defendant, if you granted him relief would receive a benefit that no other class of defendant is entitled to receive. He would be entitled to a benefit that someone who has been convicted of a purely powder cocaine would not receive. And, and this, the whole purpose of Congress passing these statutes was to eliminate disparity, not to create it. And I submit that ruling in Mr. Winter's favor would just be creating an additional disparity that Congress could not have intended. And I would ask the court to reverse the district court's determination of eligibility. All right. Thanks from the court to both of you for your assistance on this case. Take the court, take the case under advisement. Thank you, your honors. Thank you, your honor.